Lara Hruska, OSB No. 230637
lara@cedarlawpllc.com
Anna Moritz, OSB No. 225306
anna@cedarlawpllc.com
Cedar Law PLLC
113 Cherry St., PMB 96563,
Seattle, WA 98104-2205
(206) 607-8277 [tel]
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| A.M-G., who sues through her parent, P.G., <br><br> Plaintiffs, <br><br> v. <br><br><br><br> SALEM KEIZER PUBLIC SCHOOLS and WILLAMETTE EDUCATIONAL SERVICE DISTRICT, <br><br> Defendants. | Case No.: 6:24-cv-01517 <br><br><br> COMPLAINT and PETITION FOR REVIEW <br> Individuals with Disabilities Education Act (IDEA) <br> Demand for Jury Trial |

Plaintiffs bring this action to appeal the Consolidated Ruling on District's Motion to Dismiss and Parent's Motion for Stay-Put and Final Order of Dismissal ("Final Order") entered by Senior Administrative Law Judge Joe Allen on August 9, 2024, in a due process proceeding

APPEAL OF ADMINISTRATIVE ORDER AND COMPLAINT FOR DAMAGES

Page 1 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

under the Individuals with Disabilities Education Act (IDEA). This appeal is made pursuant to 20 U.S.C. § 1415(i)(2) and Oregon Rev. Stat. § 343.175. Plaintiffs also assert discrimination claims based on the Salem Keizer Public Schools and Willamette Educational Service District's violations of § 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

## I.  PARTIES

1.1    Petitioner/Plaintiff A.M-G. is a student in the Salem Keizer Public Schools district. Plaintiff P.G. is the Parent and legal guardian of A.M-G. To protect A.M-G.'s privacy, only her initials and her parent's initials are used. A.M-G. is Deaf[1] and her primary mode of communication is American Sign Language ("ASL").

1.2    Plaintiffs A.M-G. and P.G. reside and have resided at all times relevant to this action within the Salem-Keizer School District's boundary lines in Salem, Oregon, located in Marion County, Oregon.

1.3    Respondent/Defendant Salem Keizer Public Schools is a school district organized under the laws of the State of Oregon and is located at 2450 Lancaster Dr NE, Salem, OR 97305. Defendant Willamette Educational Service District is an educational service district organized under the laws of the State of Oregon and located at 2611 Pringle Rd SE, Salem, OR 97302.

## II.  JURISDICTION AND VENUE

2.1    This appeal of ALJ Allen's Final Order arises under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400 *et seq.*; 28 U.S.C. §§ 2201 and 2202;

---

[1] "Deaf" is capitalized to indicate both A.M-G.'s hearing status along with her identification as part of a cultural minority group.

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 2 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

Oregon Rev. Stat. § 343.175; and the regulations promulgated thereunder. This Court possesses jurisdiction over the appeal pursuant to 20 U.S.C. § 1415(i)(2).

2.2    As a prerequisite to A.M-G.'s § 504 and ADA and claims, P.G., on A.M-G.'s behalf, filed a special education due-process complaint with the Oregon Department of Education, which was transferred to the Oregon Office of Administrative Hearings.

2.3    The Plaintiffs' federal discrimination claims arise from § 504 of the Rehabilitation Act of 1973 ("§ 504 claims") and Title II of the Americans with Disabilities Act ("ADA"). Pursuant to 28 U.S.C. §§ 1331 and 1343(a), this Court possesses original jurisdiction over the Plaintiffs' § 504 claims and ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2.4    All acts and omissions at issue occurred in the District of Oregon. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

### III.    FACTUAL ALLEGATIONS

3.1    A.M-G. is a student in the Salem Keizer Public Schools district ("SKPS" or "District") and is person with a disability under IDEA, 20 U.S.C. § 1401(3) and regulations promulgated pursuant to it at 34 C.F.R. 300 *et seq.*, as well as Oregon's implementing regulations. At all times relevant to this action, A.M-G. was eligible for special education and related services under IDEA. Special education and related services were provided through a regional Deaf and Hard of Hearing Center Site Program administered by Willamette Educational Service District ("WESD").

3.2    To Plaintiffs' knowledge, SKPS is the educational agency primarily responsible under the IDEA to provide A.M.G. a free and appropriate public education. However, SKPS has a contractual relationship with WESD whereby all Deaf and Hard of Hearing services are provided by the WESD. Furthermore, that contractual arrangement notes that SKPS students

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 3 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

attend the Regional D/HH Center Site program "as a <u>placement option</u> following SKSD internal procedures." (emphasis added).

3.3     A.M-G. is a Deaf student who is eligible for special education under the category of Deaf and Hard of Hearing. A.M-G. has dual cochlear implants and uses hearing aids. A.M-G. uses her cochlear implants primarily for environmental sounds, but she communicates primarily through ASL.

3.4     A.M-G. has been enrolled in the WESD/SKPS Deaf and Hard of Hearing ("D/HH") Center Site Program since preschool and will be entering ninth grade for the 2024/25 academic year. A.M-G. received all her services through the D/HH Center Site Program. This included daily access to a Teacher of the Deaf ("TOD"); direct instruction in ASL, onsite full-time certified technology support for her devices; full-time ASL interpreters; transcription services; and access to a cohort of other Deaf students.

3.5     The special education, related services, centralized support, and cohort of Deaf peers provided by the D/HH Center Site Program are necessary for A.M-G. to access the benefits of the school facility and to receive a free and appropriate public education.

3.6     Without access to a cohort of Deaf students, A.M-G. is substantially isolated by her inability to communicate with normal-hearing peers except through an ASL interpreter.

3.7     Communicating through an interpreter is an inherently difficult process. In Oregon, ASL interpreters only need to demonstrate 60 percent accuracy rate in order to work in public schools.

3.8     Additionally, communicating through a third party is a skill that A.M-G. is working on but has yet to master. As such, she relies on deaf peers and her TOD to supplement communication she receives through her interpreter at school.

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 4 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

3.9     While enrolled at the D/HH Center Site, A.M-G. also relied on her deaf peers in class to seek help understanding instructional material and assignments as well as social cues and norms.

3.10    While enrolled at the D/HH Center Site, A.M-G. also relied on her TOD for assistance with assignments and supplemental instruction for her general education classes. Her TOD had the necessary linguistic skills and cultural competence to explain concepts and instructions in a manner that A.M-G. was able to better comprehend in her first language, ASL.

3.11    On March 21, 2024, the WESD issued a letter ("closure letter") to A.M-G and P.G. stating that the D/HH Center Site Program would be closed beginning in the 2024/25 school year.

3.12    The D/HH Center Site Program is A.M-G.'s placement through her individual education program ("IEP") under the IDEA. This was so designated in the District's May 2022 Determination of Placement. Although nothing in 2023 regarding the nature of the placement or services changed, that Placement Determination form was changed as it eliminated language referring to the D/HH program specifically. By her next annual review in May 2024, the D/HH Program had been slated for closure.

3.13    A.M-G. required the supports and services provided by the D/HH program to access a free appropriate public education ("FAPE").

3.14    Although closure of the D/HH Program constituted a change in placement, at no point were the Plaintiffs or the IEP team provided an opportunity to be a part of the decision to change placement, in violation of 20 U.S.C. § 1414(e). A.M-G.'s placement was changed through the closure letter to her neighborhood school although there were other options on the

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 5 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

continuum of available placements (such as the Oregon School for the Deaf), which would likely be a less restrictive placement for A.M-G. considering her communication needs.

  3.15 Because A.M-G. was placed in the D/HH Center Site Program, she attended an out-of-neighborhood school, Crossler Middle School, for sixth to eighth grade because this is where the D/HH Center Site for middle school was located. If the D/HH Program had continued, A.M-G. would have attended high school at Sprague High School, which is also not her neighborhood school. With the D/HH Program closed, A.M-G. would attend McKay High School in her neighborhood.

  3.16 The Plaintiffs know of no other Deaf[2] students that will attend McKay High School this next school year and A.M-G. will likely be the only Deaf student in all her classes leaving her linguistically and culturally isolated without other students or staff that she can go to for support on her class work. A.M-G.'s unique communication needs have not been accounted for in this unilateral placement determination.

  3.17 Plaintiffs initiated an administrative due process hearing request regarding the provision of special education and related services to A.M-G., which was assigned Oregon Department of Education Case No. DP 24-014 and Office of Administrative Hearings Case No. 2024-ABC-06570. The named Defendant was SKPS. Plaintiffs filed a joint Motion to Consolidate this matter with a closely related matter, but Administrative Law Judge Allen failed to issue a final ruling on this motion.

---

[2] While there will likely be other students with hearing loss, there will be no other students that identify as culturally Deaf and use ASL to communicate like A.M-G.

APPEAL OF ADMINISTRATIVE ORDER AND COMPLAINT FOR DAMAGES

Page 6 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

3.18    The March 21, 2024, letter announcing the closure was issued by Dana Pedersen, Special Education Coordinator with WESD, yet SKPS Superintendent Castañeda later indicated that the closure was a "joint decision" between SKPS and WESD.

3.19    Defendant SKPS filed a Motion to Dismiss the Plaintiff's due process hearing request on the basis that closure of the D/HH Program had not yet caused hardship to A.M-G. because the 2024/25 school year had not commenced. Plaintiffs responded and sought leave to amend their due process hearing request to include WESD as a defendant.

3.20    Plaintiffs both invoked stay-put in their due process hearing request and filed a Motion for Stay Put pursuant to 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a); Oregon Rev. Stat. § 343.177(1); and Oregon Admin. Rules 581-015-2360(5)(a). Under 20 U.S.C. § 1415(j), "during the pendency of any proceedings conducted pursuant to this section … the child shall remain in the then-current educational placement of the child." Under Oregon Rev. Stat. 343.177(1), "During the pendency of any administrative or judicial proceedings concerning the … educational placement of the child or the provision of a free appropriate public education to the child, the child shall remain in the then current educational *program* placement." (emphasis added).

3.21    Defendant WESD was aware of the Plaintiffs' Motion to Amend their due process complaint to join WESD as a defendant. WESD submitted a letter to ALJ Allen on July 16, 2024, arguing that an educational service district is not an appropriate defendant in a due process matter under the IDEA.

3.22    On August 9, 2024, ALJ Allen issued the Final Order on the Defendant's Motion to Dismiss and Plaintiff's Motion for Stay Put.

APPEAL OF ADMINISTRATIVE ORDER AND COMPLAINT FOR DAMAGES

Page 7 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

3.23 ALJ Allen erroneously denied the Plaintiff's Motion for Stay Put on the basis that the D/HH Program did not constitute a "placement" under the IDEA because it was not specifically named in A.M-G.'s placement document for the most recent school year. Final Order, pg. 9, ¶4. This determination is contrary to the law and erroneously defines the D/HH Center Site Program as merely a "format" for providing services under the student's IEP. Final Order, pg. 9, ¶3.

3.24 ALJ Allen further erred in dismissing the Plaintiff's due process request for lack of ripeness on the basis that any harm is "speculative." Final Order, pg. 14, ¶3. The fact of the D/HH Program closure is not in dispute and represents final agency action. In addition, the loss of the Deaf cohort of students and centralized services through the D/HH Center Site represents imminent hardship to the Plaintiffs. As such, this matter is ripe for adjudication.

3.25 Because ALJ Allen ordered the dismissal of the Plaintiffs' due process hearing request, the Final Order did not address the Plaintiffs' request for leave to join the WESD as a defendant in this matter.

3.26 The IDEA provides an appeal of the ALJ's decision and Final Order as a matter of right. Specifically, 20 U.S.C. § 1415(i)(2)(A) states:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

3.27 This right to appeal also is set forth in the Oregon Revised Statutes at Oregon Rev. Stat. § 343.175(2) which states, "Either party aggrieved by the finding and decision of the hearing officer may commence a civil action in any court of competent jurisdiction."

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 8 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

3.28 The Petitioners/Plaintiffs bring this appeal pursuant to the above-stated provisions.

3.29 If their appeal is successful, Plaintiffs will be entitled to their attorneys' fees and costs for the matter that gives rise to this appeal as well as the appeal. Accordingly, pursuant to 20 U.S.C. § 1415(i)(3)(B), Plaintiffs request the Respondents/Defendants be ordered to reimburse Plaintiffs for all attorneys' fees and costs accrued to date and in the future as it relates to the underlying action that gives rise to this appeal, the appeal, and any matters related to this appeal.

## IV.    CAUSES OF ACTION

### Count 1: Appeal of Administrative Order Under the IDEA

4.1 The factual allegations set forth in the above paragraphs are incorporated by reference.

4.2 Administrative Law Judge Allen incorrectly applied the legal standards governing placement and therefore erroneously denied the Plaintiffs' Motion for Stay Put.

4.3 The issuance of the Order of Dismissal is reversible error because ALJ Allen erroneously found the Plaintiffs' claims to be speculative and mis-applied the legal standard for ripeness.

4.4 ALJ Allen also erroneously denied the Plaintiffs' Motion to Consolidate and should have permitted amendment of the Plaintiffs' due process complaint to include WESD as a named defendant.

4.5 The Plaintiffs are aggrieved by ALJ Allen's Final Order, are entitled to appeal that decision, and should, on appeal, be deemed the prevailing party.

APPEAL OF ADMINISTRATIVE ORDER AND COMPLAINT FOR DAMAGES

Page 9 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

4.6     As prevailing party, the Parents are entitled to their reasonable attorneys' fees and costs.

**Count 2: Claims for Damages Due to Violations of the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973**

5.1     The factual allegations set forth in the above paragraphs are incorporated by reference.

5.2     The claims in Count 2 are civil rights claims against the Defendants for damages.

5.3     Because A.M-G. is Deaf, she is "disabled" within the meaning of both the Americans with Disabilities Act ("ADA") and under § 504 of the Rehabilitation Act of 1973 ("§ 504").

5.4     A.M-G. falls into the class of persons whose rights are specifically protected by both statutes.

5.5.    At all times material to this case, the Defendants knew that A.M-G. is disabled within the meaning of both the ADA and § 504.

5.6     Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

5.7.    Section 504(a) states: "No otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (codifying § 504).

APPEAL OF ADMINISTRATIVE ORDER AND COMPLAINT FOR DAMAGES

Page 10 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

5.8     The District receives money from the United States government to assist with the provision of a free, appropriate public education to students like A.M-G. and, pursuant to § 504, was required to provide A.M-G. with a FAPE.

5.9     Because the District receives this money, the Defendants cannot discriminate against A.M-G. on the basis of her disabilities.

5.10    As is set forth in the preceding fact sections, the Defendants discriminated against A.M-G. on the basis of her disabilities in the following ways:

   A.   denied A.M-G. a free appropriate public education;

   B.   excluded A.M-G. from the classroom and educational resources;

   C.   failed to accommodate A.M-G.'s needs as a student with a disability;

   D.   prevented A.M-G. from participating in and fully accessing the benefits of the District's educational programs and activities;

   E.   segregated A.M-G. from other students on the basis of her disabilities by denying A.M-G. access to Deaf peers;

   F.   denied her meaningful communication access.

5.11    A.M-G. belongs to the class of persons whom the ADA and § 504 were intended to protect.

5.12    Persons employed by the Defendants possessed actual notice of the discrimination and the possibility of other discrimination.

5.13    The Defendants' employees who possessed notice included A.M-G.'s special-education teacher, A.M-G.'s general education teachers, the WESD special-education coordinator and her assistants, the § 504 coordinator, and SKPS and WESD administrators.

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES
Page 11 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

5.14   Each of the above-listed persons possessed the authority to investigate, deter, and/or stop the discriminatory conduct but intentionally failed to do so or were deliberately indifferent to the discrimination.

5.15   The District's discriminatory conduct effectively excluded A.M-G. from participating in, and receiving full access to, the benefits of the Defendant's programs and activities.

5.16   The Defendants' conduct was purposeful, done in bad faith, carried out with a discriminatory animus, and amounted to intentional discrimination against A.M-G. on the basis of her disability and in violation of the ADA, § 504, and their implementing regulations.

5.17   As a result of the Defendants' conduct, A.M-G. sustained the following damages:

A.   denial of a free appropriate public education;

B.   exclusion from the classroom and educational resources;

C.   denial of accommodations A.M-G.'s needs as a student with a disability;

D.   preclusion from participating in and fully accessing the benefits of the Defendant's educational programs and activities;

E.   segregation from other students on the basis of her disabilities by denying A.M-G. access to Deaf peers;

F.   loss of educational opportunities enjoyed by other Students who do not have disabilities;

G.   denial of meaningful communication access;

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 12 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

H. mental anguish and emotional distress, including fear, nervousness, sadness, fright, anxiety, humiliation, shock, shame, embarrassment, apprehension, and ordeal;

I. loss of enjoyment of life; and

J. loss of dignity.

5.18 If A.M-G. and P.G. prevail, they are entitled to their reasonable attorneys' fees and costs.

## V. REQUEST FOR RELIEF

6.1 Based on the foregoing, the Plaintiffs request:

A. that the Court reverses the erroneous legal rulings in ALJ Allen's Final Order;

B. that the Court awards to the Plaintiffs the relief they sought in the special education due process case, which is reinstatement of A.M-G. to the D/HH Center Site Program and to maintain the program during the pendency of this litigation;

C. that the Court declares that the Plaintiffs are the prevailing parties in the underlying special education due process action and in the instant appeal;

D. that the Court awards Plaintiffs their recoverable costs and reasonable attorneys' fees incurred in the underlying special education due process action and in the instant appeal and any additional fees incurred in this action to prosecute and enforce their right to an award of attorneys' fee pursuant to 20 U.S.C. § 1415(i)(3)(B);

E. that the Court assumes jurisdiction of all of A.M-G.'s civil rights/damages claims;

F. that the Court orders a trial before a struck jury on all claims triable by a jury;

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 13 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)

G. for the jury to award to her compensatory, general, and special damages permitted by state and federal law against the Defendants;

H. for the Court to enter judgment against the Defendants;

I. where and when permitted by state and federal law, for the Court to award attorneys' fees and costs to A.M-G. and P.G. and against the Defendants in their civil rights/damages claims;

J. and, as justice dictates, for the Court to grant any other relief deemed necessary or appropriate by the Court.

## VI. JURY DEMAND

Plaintiffs demand a trial by a struck jury.

Dated: September 9, 2024

CEDAR LAW PLLC

_____
Lara Hruska, OSB No. 230637

_____
Anna Moritz, OSB No. 225306

113 Cherry St., PMB 96563
Seattle, WA 98104
Ph: (206) 607-8277
Fax: (206) 237-9101
lara@cedarlawpllc.com
anna@cedarlawpllc.com
Attorneys for the Plaintiffs

APPEAL OF ADMINISTRATIVE ORDER
AND COMPLAINT FOR DAMAGES

Page 14 of 14

Cedar Law PLLC
113 Cherry Street, PMB 96563
Seattle, WA 98104-2205
206.607.8277 (tel)
206.237.9101 (fax)